```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

VICKY L. STRANGE                                            PLAINTIFF

        v.              Civil No. 05-5192

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                              DEFENDANT

## MEMORANDUM OPINION

    Plaintiff Vicky L. Strange brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits under the provisions of Title II of the Social Security Act (the Act). Both parties have filed appeal briefs and the matter is now ripe for review. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    **BACKGROUND**

    1.   Plaintiff protectively filed an application for DIB on July 30, 2003, alleging that she became disabled on June 5, 2003, due to an L1 fracture in her lower back that she sustained in a motor vehicle accident. (Tr. 69-71, 126.)

    2.   In a written decision dated August 10, 2005, the ALJ found that plaintiff had the following severe impairments: "fracture of non-extremity (L1), hernia, diabetes mellitus, GERD

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

and epilepsy." (Tr. 15, 19.) The ALJ found, however, that plaintiff was not disabled, as she retained the residual functional capacity to perform a significant range of light work. (Tr. 18-20.)

3. Plaintiff appealed the ALJ's decision to the Appeals Council, and the Appeals Council denied review on September 23, 2005. (Tr. 3-5.) When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision.

**APPLICABLE LAW**

4. Our review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Court's role is to determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole. *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995). Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Oberst v. Shalala*, 2 F.3d 249, 250 (8th Cir. 1993). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence that supports the Commissioner's decision, along with evidence that detracts from it. *Siemers,* 47 F.3d at 301; *Barrett v. Shalala*, 38 F.3d 1019, 1022 (8th Cir. 1994).

5. To be eligible for DIB benefits, a claimant has the burden of establishing the existence of a disability under the Act. 42 U.S.C. § 423(a)(1)(D). To meet this burden, the claimant must show:

* that she has a medically determinable physical or mental impairment that has lasted, or can be expected to last, for at least one year;

* that she is unable to engage in any substantial gainful activity; and

* that this inability results from the impairment.

See *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

6. The Commissioner follows a familiar five-step process to determine whether a claimant is disabled:

(1) whether the claimant has engaged in substantial gainful activity since filing her claim;

(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;

(3) whether the impairment meets or equals a presumptively disabling impairment listed in the regulations;

(4) whether the claimant has the residual functional capacity (RFC) – that is, what she can do despite her limitations -- to perform her past relevant work; and

(5) if the claimant cannot perform her past work, the burden then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Pearsall*, 274 F.3d at 1217.

**DISCUSSION**

7. In assessing plaintiff's subjective complaints, the ALJ found that plaintiff had "no objective findings with which to support a finding that she experiences a debilitating decrease in her ability to perform work-related activity." (Tr. 17.) An ALJ may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ is required to take into account the following factors in evaluating the credibility of a claimant's subjective complaints: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. *See id.* In the present case, the ALJ made no reference to any of these factors. This error necessitates remand.

8. Remand is warranted on other grounds as well. Plaintiff's treating physician, Dr. Anthony Burton, completed a

medical source statement assessing plaintiff's RFC to be as follows:

* plaintiff could lift up to ten pounds frequently;

* plaintiff could stand/walk less than two hours in an eight-hour workday;

* it was necessary for plaintiff to alternate between sitting and standing to relieve pain/discomfort;

* plaintiff had limitations pushing and pulling in both her upper and lower extremities;

* plaintiff could not climb, kneel, crouch, or crawl, and could only occasionally balance; and

* plaintiff had limitations in reaching, handling, and feeling. (Tr. 620-22.)

The ALJ did not address Dr. Burton's RFC assessment and instead relied on an RFC assessment completed by Dr. Alice Martinson, who saw plaintiff on one occasion for a consultative examination. An ALJ may disregard a treating physician's opinion if other medical assessments are supported by superior medical evidence, of if the treating physician has offered inconsistent opinions. *See Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000). There is no indication in this case that superior medical evidence supported the consultative examiner's RFC assessment or that plaintiff's treating physician offered any inconsistent opinions with regard to plaintiff's RFC. The Court believes that

remand is therefore warranted to allow the ALJ to address Dr. Burton's RFC assessment and, if the ALJ discredits the assessment, the ALJ should state specific reasons for doing so.

9.   Finally, the Court believes remand is warranted for the ALJ to make further findings regarding plaintiff's RFC.  RFC findings should "'identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in ... 20 C.F.R. § 404.1545(b),'" which include sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, etc. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (*quoting* S.S.R. 96-8p, 1996 WL 374184, at *1).

The ALJ found that plaintiff could lift/carry twenty pounds occasionally and ten pounds frequently.  The ALJ further found that plaintiff had "additional exertional and/or non-exertional limitations" (Tr. 18), but the ALJ did not identify these limitations.  On remand, the ALJ is directed to make specific findings regarding plaintiff's ability to perform the functions outlined in § 404.1545(b).  Depending on the ALJ's findings, it may then be necessary to obtain the testimony of a vocational expert.

**CONCLUSION**

10.  Based on the foregoing, this case is hereby remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 22nd day of March 2007.

/S/JIMM LARRY HENDREN  
JIMM LARRY HENDREN  
UNITED STATES DISTRICT JUDGE